IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WAYNE GARDNER                                                                                    PLAINTIFF

V.                                                                         CAUSE NO.: 2:12CV213-SA-JMV

MINNESOTA LIFE INSURANCE COMPANY                                          DEFENDANT

## MEMORANDUM OPINION

The parties have filed cross-motions for summary judgment in this action seeking a determination by the Court as to whether the Plan Administrator abused its discretion in denying the heirs of Ava Sue Gardner coverage under her accidental death and dismemberment life insurance policy.[1] Defendant's Motion for Summary Judgment [17] is GRANTED, and the Administrator's denial of coverage is AFFIRMED.

*Factual and Procedural Background*

Ava Sue Gardner was involved in a multi-vehicle collision on November 18, 2010, in Southaven, Mississippi. Witnesses to the accident assert that Gardner was traveling at a high rate of speed in the southbound lane of Highway 51 when she failed to brake, rear-ending two vehicles that were stopped at a red light. Gardner's vehicle then travelled across the intersection and collided with another vehicle. Gardner was transported to the Regional Medical Center in Memphis, Tennessee, and was pronounced dead soon thereafter.

Wayne Gardner filed a claim with Minnesota Life Insurance Company pursuant to the employee welfare benefit plan his wife participated in at her employment. In particular, Gardner filed a claim for the basic life insurance with accidental death and dismemberment rider,

---

[1] Defendant also seeks to strike the affidavits attached to Plaintiff's Motion for Summary Judgment. ERISA cases are strictly limited to the administrative records, and a participant is "not entitled to a second chance to produce evidence demonstrating that coverage should be afforded." Crosby v. Louisiana Health Serv. & Indem. Co., 647 F.3d 258, 263 (5th Cir. 2011) (citing Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 299-300 (5th Cir. 1999)(en banc)). The affidavits are hereby struck and not considered in this matter.

supplemental life insurance, and additional voluntary accidental death and dismemberment coverage. Minnesota Life paid the life insurance proceeds under the basic life, supplemental life, and the accidental death and dismemberment rider. However, the insurer denied the claim under the voluntary supplemental accidental death and dismemberment policy, citing a policy exclusion specific to that policy.

In particular, Minnesota Life contends that the policy provides that "[a]ccidental death or dismemberment accidental injury means that an insured's death or dismemberment results, directly and independently of all other causes, from an accidental injury which is unintended, unexpected and unforeseen." Further, the policy excludes coverage where "the insured's death or dismemberment results from or is caused directly or indirectly by any of the following: (3) the insured's participation in or attempt to commit a crime, assault or felony; or . . . (6) alcohol, drugs, poisons, gases or fumes, voluntarily taken, administered, absorbed, inhaled, ingested or injected."

Blood tests revealed that Gardner's blood alcohol content on the date of the vehicle accident was 0.32%, four times the legal limit. Accordingly, Minnesota Life determined that Gardner was driving while intoxicated, in violation of Mississippi Code Section 63-11-30, and therefore, committing a crime during the event. Further, the insurer contended, "Death is foreseeable when driving with a BAC of .32%."

Plaintiff contends that the cause of death listed on the death certificate is "accident." While the Uniform Crash Report acknowledges her BAC at 0.32% and that emergency services personnel and the doctor in the emergency room noted "a very strong odor of an intoxicating beverage" coming from Mrs. Gardner after the accident, a "contributing circumstance" to the collision is marked that Gardner was "following too closely." Accordingly, Wayne Gardner

2

filed this suit pursuant to the Employee Retirement Income Security Act (ERISA), and both parties agree the case can be disposed of on summary judgment.

*Standard of Review*

The parties agree that the insurance policy in question constituted an employee welfare benefit plan governed by ERISA. "The summary judgment standard for ERISA claims is unique because the Court acts in an appellate capacity reviewing the decisions of the administrator of the plan." Riley v. Blue Cross & Blue Shield of Mississippi, 2011 U.S. Dist. LEXIS 79907, 2011 WL 2946716, *1 (S.D. Miss. July 21, 2011). The United States Supreme Court has set forth the "appropriate standard of judicial review of benefit determinations by fiduciaries or plan administrators" for policies subject to ERISA. Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 110, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 108, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)); see also 29 U.S.C. § 1132(a)(1)(B).

Where, as here, a plan governed by ERISA grants the administrator "'discretionary authority with respect to the decision at issue,'" the court reviews a denial of benefits for abuse of discretion. Corry v. Liberty Life Assurance Co. of Bos., 499 F.3d 389, 397 (5th Cir. 2007) (quoting Vega v. Nat'l Life Ins. Serv., Inc., 188 F.3d 287, 295 (5th Cir. 1999) (en banc)). When the policy reserves this discretion to the fiduciary, courts apply a two-step analysis in determining abuse of discretion. "First a court must determine whether the interpretation is 'legally correct.' If so, there is no abuse of discretion and the inquiry ends. However, if the interpretation is not legally correct, a court must consider whether the fiduciary's interpretation constitutes an abuse of discretion." Price v. Metropolitan Life Ins. Co., 2008 WL 4187944, at *2

(N.D. Miss. 2008) (citing Plyant v. Hartford Life and Accident Ins. Co., 497 F.3d 536, 540 (5th Cir. 2007)).

The court "appl[ies] this deferential standard of review even where (as here) the administrator is also the party obligated to pay the benefits, although [the court] consider[s] any conflict of interest as a factor in [its] review." Ewing v. Metropolitan Life Ins. Co., 427 F. App'x 380, 381-382, (5th Cir. 2011) (citing Glenn, 554 U.S. at 118, 128 S. Ct. 2343). "If the decision on eligibility is supported by substantial evidence and is not erroneous as a matter of law," it will be upheld. Barhan v. Ry-Ron Inc., 121 F.3d 198, 201 (5th Cir. 1997). An arbitrary decision "is one made without a rational connection between the known facts and the decision or between the found facts and the evidence." Dudley v. Sedgwick Claims Mgmt. Servs. Inc., 495 F. App'x 470, 2012 U.S. App. LEXIS 22252, 2012 WL 5278919, 3 (5th Cir. 2012) (citations omitted).

*Discussion and Analysis*

The policy defines accidental death as one that results "directly and independently of all other causes from an accidental injury which is unintended, unexpected, and unforeseen." In denying Gardner's claim for benefits, Minnesota Life concluded that an insured operating a motor vehicle while intoxicated foresees, and therefore expects, the potential for injuries or death. Because the insured's BAC was 0.32%, four times the legal limit, Minnesota Life insists that the decedent's intoxication caused the potential for foreseeable damages, thereby excluding her from accidental death policy coverage.

The Fifth Circuit has upheld as reasonable an administrator's finding that operating a vehicle while intoxicated creates a foreseeable potential for death or injury. In Davis v. Life Ins. Co. of North America, the Court held that "it was reasonable to decide that a foreseeable consequence of riding a motorcycle [while intoxicated] would [cause] a serious accident." 379

F. App'x 393, 396 (5th Cir. 2010). The toxicology report on the decedent in Davis revealed that he had a BAC between 0.28% and 0.368% at the time of the accident. Id. at 394. The Fifth Circuit found that it was not arbitrary or capricious for the administrator to determine that death or injury was foreseeable while operating a vehicle at three to four times the legal limit, thereby rendering the loss excluded from policy coverage. Id. See also Sanchez v. Life Ins. Co of North America, 393 F. App'x 229, 232-33 (5th Cir. 2010) ("[W]e find that LINA [insurer and fiduciary] did not abuse its discretion when it determined that driving under the influence of alcohol contributed to Mr. Sanchez's automobile crash. This decision is supported by evidence on the record . . .").

Additionally, in Sanford v. Zurich American Ins. Co., the trial court, in granting summary judgment in favor of the fiduciary, held that, while there certainly were other "possible explanations for [decedent's] death which [did] not involve intoxication," substantial evidence supported the administrator's decision that alcohol and intoxication were indeed a factor contributing to the insured's death. 2009 WL 2986343, at *4 (N.D. Miss. Sept. 15, 2009). Though drowning was the ultimate cause of death in Sanford, the fact that intoxication was a contributing factor was enough to exclude the loss from policy coverage. Id. Therefore, the administrator's application of the facts to the policy language was reasonable and was not an abuse of discretion. Id.

Similarly, Gardner argues that the death certificate/police report notes that Ava Sue Gardner died from multiple blunt force injuries, rather than alcohol. Plaintiff argues that this is sufficient to exclude the determination that alcohol might have been a contributing factor in the decedent's death. As the court held in Sanford, the fact that intoxication was not listed as the cause of death will not suffice to bring the claim within policy coverage.

5

This Court, after reviewing relevant case law and the administrative record submitted, finds that the administrator's determination that the decedent's death was not accidental and excluded from coverage is reasonable, and thus, not an abuse of discretion. There was substantial evidence in the record supporting the finding that the decedent had been using alcohol while driving, including both the blood tests and the police reports stating that the decedent had a strong scent of alcohol coming from her person. No other evidence has been brought before this court to indicate that other factors, unexpected and unforeseeable by the decedent, caused or contributed to her death. Absent evidence suggesting that other factors were involved in the death of the insured, and weighing the conflict of interest in this case, this Court affirms the decision of the administrator to deny benefits for accidental death. Therefore, the administrator's interpretation was "legally correct," and the Court's inquiry need not continue to the second element of analysis. Price v. Metropolitan Life Ins. Co., 2008 WL 4187944, at *2 (N.D. Miss. 2008) (citing Plyant v. Hartford Life and Accident Ins. Co., 497 F.3d 536, 540 (5th Cir. 2007)).

*Conclusion*

Minnesota Life did not abuse its discretion in denying the voluntary supplemental accidental death and dismemberment benefits to Plaintiff because the decedent's death was not accidental and thus not a covered loss as defined by policy language. Therefore, the Court GRANTS Minnesota Life's Motion for Summary Judgment [17]. Gardner's cross-Motion for Summary Judgment [19] is DENIED.

Judgment shall be entered accordingly in favor of Minnesota Life Insurance Company. This case is CLOSED.

SO ORDERED, this the 27th day of March, 2014.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**